## THE KING vs. C. Y. AIONA AND APOI.

APPEALS FROM CIRCUIT JUDGE, THIRD JUDICIAL CIRCUIT.

QUESTION RESERVED.

APRIL TERM, 1884.

JUDD, C. J.; McCULLY and AUSTIN, JJ.

An appeal lies from a decision of a Circuit Judge at Chambers to the Supreme Court.

OPINION OF THE COURT, BY McCULLY, J.

THIS case being on the calendar of criminal cases at the present term, the Attorney-General moves the Court to dismiss the appeal for want of jurisdiction. The Chief Justice, holding the term, reserves the question.

It is an appeal from a conviction before one of the local Circuit Judges in Chambers, of the Third Judicial Circuit, for violation of the Act relating to the sale of spirituous liquors. The appeal is taken generally on the facts as well as the law, under the provisions of Sec. 1007 of the Civil Code, as follows : Any party deeming himself aggrieved by the decision of any Circuit Judge at Chambers in any case, whether civil or criminal, may appeal therefrom to the Circuit Court or the Supreme Court by giving notice, etc., provided always that when such appeal is taken solely upon exceptions to the decision of the Circuit Judge on points of law, the appeal shall be heard and determined by the Appellate Court in Banco. Sec. 1006 contains a like provision for appeal from any police or district justice to the Circuit or Supreme Court.

Taking these provisions as they stand, and disconnected from all other enactments, there would seem to be no ground for any other construction than that there was a right of appeal, in every case tried by circuit judges and police and district justices, to either the Supreme Court or the Circuit Court as the appellant might elect. It is the direct meaning of the words employed.

But the common practice during the twenty-five years of the existence of the Code has been that appeals, particularly in Crown

cases and upon the facts, so requiring jury trial, are taken to the Circuit Courts of the three circuits when there are such Courts, and to the Supreme Court only in cases arising in the inferior Courts of Oahu; although it appears that this common practice has not been without exception, yet the question of jurisdiction has not hitherto been raised.

The Civil Code, as it was enacted in 1859, continued the previous division of the Kingdom into four judicial circuits, of which the Island of Oahu was the first, and provided for each a Circuit Court with a term or terms thereof. The Circuit Court of the first circuit was to be held at Honolulu on the first Tuesday in August of each year. By Act approved January 10, 1865, the Circuit Court of the first judicial circuit was abolished for this reason, stated in the preamble, "whereas from the residence and frequent sessions of the Supreme Court in the Island of Oahu, the Circuit Court for the first judicial circuit has fallen into disuse and is deemed unnecessary."

The Act provides for the same appeals, which continued in the other circuits, by the creation of an Intermediary Court.

The prosecution mainly base the motion on Sec. 881 of the Civil Code, which reads: "The criminal jurisdiction of the Circuit Courts shall be co-extensive with the circuits for which they were created. It shall be appellate from the district and police courts thereof, in all cases recognizable before those Courts, and original in other cases."

The Supreme Court, in *The King vs. Pahukoa*, October, 1866, refused jurisdiction of an indictment charging the defendant with a felony committed within the fourth judicial circuit, the indictment not being brought before the Court by change of venue from that circuit. The argument is made that the provision for an appeal to the Circuit Court or the Supreme Court did not give an alternative appeal, but was dealing in the same section with two subjects, employing somewhat loose and inaccurate language, however, and should be construed to intend that appeals should be taken to the several Circuit Courts in the circuits where they existed, and to the Supreme Court in the first circuit.

But against this view there is the immediate objection that at the date of the Civil Code there was a Circuit Court for the first

circuit. No phrase is used which limits the appeal to the Supreme Court to cases arising only in the first circuit. In Sec. 999 the appeal from decisions of Commissioners of rights of way is " to the Circuit Court of the Island, or, if the controversy is on the Island of Oahu, to the Supreme Court," and an alternative appeal was only provided by a later amendment allowing appeals " to the Circuit Court of the respective circuits or to the Supreme Court." So appeals from the Boundary Commissioners were made expressly and exclusively to the several Circuit Courts in all the circuits except the first, when they were expressly made to the Supreme Court. These are illustrations of the fact that the intention of the Legislature as to the course of appeal may be made, and is made, by apt and plain words, admitting of no doubt as to what is granted.

By Sec. 829 the Supreme Court has jurisdiction in all cases in law or equity, civil or criminal * * * * whether the same be brought before it by writ, appeal or otherwise. This language is not, in our view, limited by the terms of Sec. 881, quoted above, whereby a certain jurisdiction is given to the Circuit Courts, for it is not made exclusive to them. Sections 829 and 881 must be taken together, and they give to the Courts appellate jurisdiction co-extensive with their circuits, and to the Supreme Court appellate jurisdiction co-extensive with the Kingdom, and also concurrent with each circuit.

The learned Attorney-General admits in argument that the proviso clause in Sections 1006 and 1007 gives an appeal from the lower Courts on points of law to either the Supreme or respective Circuit Court, in Banco. Such is the direct import of the language. But we cannot see that the provision for general appeal is given in a different way.

The right of appeal depends wholly on the Statute. If the Statute gives it to the Supreme Court, even in every case which is heard by the lower magistrates and by the circuit judges, we cannot deny it upon any considerations of the inconveniences which may arise from the possibility of bringing an undue proportion of business to the Supreme Court and of drawing witnesses and appellees to a distant forum. The highest court of a country will not favor a construction by inference which narrows its own juris-

diction; moreover the argument of "inconvenience" may be off-set by the consideration that justice may require, for the proper adjudication of important questions which may be involved in cases coming before the lowest courts, that they be carried before the highest tribunal and there settled for law upon the fullest arguments and authorities which can be presented. And our reports show numerous instances where this course has been pursued, to some of which counsel for the defendant calls our attention. We do not find that plea was raised to such appellate jurisdiction. The Court proceeded on the direct and literal construction of Sections 1006 and 1007 without question.

Upon full consideration of the premises we are of the opinion that the other sections of the Code, which have been cited against this construction, do not authorize any other construction than the plain, unambiguous one hitherto taken. Our opinion is that the appeal in the case before us is properly taken, and we *overrule the motion to dismiss.*

*Attorney-General Neumann* and *W. A. Whiting* for the Crown.
*A. S. Hartwell* for defendant.
Honolulu, April 16, 1884.